**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 1461 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 3, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011523-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 1462 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 3, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011522-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 1463 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 3, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011535-2010

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 27, 2020**

Appellant, Paul David Weimer, appeals from the judgment of sentence of an aggregate term of 23½ to 47 years' incarceration, imposed in three separate cases,[1] after he was convicted by a jury of 21 criminal offenses committed against three adolescent boys, including involuntary deviate sexual intercourse (IDSI), statutory sexual assault, endangering the welfare of a child (EWOC), and corruption of a minor (COM).   On appeal, Weimer solely challenges the discretionary aspects of his sentence.   After careful review, we affirm.

In a prior appeal, we summarized the pertinent facts and procedural history of Weimer's cases, as follows:

> Weimer, who was forty years old, was arrested on August 5, 2010[,] and eventually charged, regarding victim, J.D. at 11535–2010, with … []IDSI[], unlawful contact with the minor, statutory sexual assault, indecent assault, furnishing liquor to minors, and two counts of [COM]; he was charged regarding victim, J.C. at 11524–2010, with unlawful contact with a minor, [COM] and open lewdness; regarding victim, R.Z., he was charged at 11522–2010 with two counts of rape, IDSI, unlawful contact with a minor, two counts of statutory sexual assault, [EWOC], [COM], and furnishing liquor to minors; and regarding victim, M.G., he was charged at 11523–2010 with IDSI, indecent assault, [EWOC], and [COM].

---

[*] Former Justice specially assigned to the Superior Court.

[1] This Court *sua sponte* issued a *per curiam* order on July 22, 2019, consolidating Weimer's three appeals.

*** 

At the conclusion of the jury trial, Weimer was acquitted of all charges regarding J.C.; regarding J.D., he was convicted of furnishing liquor to minors, unlawful contact with a minor and two counts of [COM], and acquitted of IDSI, statutory sexual assault and indecent assault; regarding R.Z., he was convicted of IDSI, unlawful contact with a minor, two counts of statutory sexual assault, [EWOC], [COM], furnishing alcohol to minors, and acquitted of two counts of rape; regarding M.G., he was convicted of IDSI, indecent assault, [EWOC], and [COM].

**Commonwealth v. Weimer**, [No.] 1331 WDA 2012, [unpublished memorandum at *1] (Pa. Super. … filed [Aug. 1, 2013]).

The Commonwealth gave notice of its intent to seek imposition of the 10–year mandatory minimum sentence for the IDSI convictions, pursuant to 42 Pa.C.S. § 9718(a). Prior to sentencing, the court held a hearing where it determined that Weimer met the criteria to be classified as a Sexually Violent Predator (SVP) under this Commonwealth's version of Megan's Law.[2] On March 13, 2012, Weimer was sentenced to an aggregate term of imprisonment of 25–50 years. Specifically, the court sentenced Weimer to: consecutive sentences of 10–20 years of incarceration on each count of IDSI with regard to R.Z. and M.G., and a consecutive term of 5–10 years of incarceration for unlawful contact with a minor with regard to J.D.[3] Weimer filed post-trial motions that were denied on August 2, 2012, save for the court granting Weimer two days of credit. Weimer filed a timely direct appeal; our Court affirmed his judgment of sentence on August 1, 2013. [**See Weimer**, No. 1331 WDA 2012.] On November 27, 2013, the Pennsylvania Supreme Court denied Weimer's petition for allowance of appeal. [**Commonwealth v. Weimer**, 83 A.3d 777 (Pa. 2013).]

[2] **See** 42 Pa.C.S.[] §§ 9791–9799.9. On December 20, 2011, the legislature enacted the Sex Offender Registration and Notification Act (SORNA), effective in one year, or December 20, 2012. Thus, at the time Weimer was sentenced, SORNA was not yet in effect. However, under SORNA[,] he is now classified as a Tier III offender who will

- 3 -

be a lifetime registrant. *See* 42 Pa.C.S.[] §§ 9799.14(d)(4), 9799.15(a)(3).[2]

3 No further penalty was imposed on the remaining charges for which Weimer was convicted.

On April 7, 2014, Weimer filed a *pro se* PCRA[3] petition. On April 14, 2014, the court appointed PCRA Counsel, Thomas Farrell, Esquire. On May 28, 2014, the court granted counsel's petition to appoint an investigator. On February 25, 2015, the trial court gave Weimer [a] Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On June 16, 2015, Attorney Farrell filed an amended PCRA petition on behalf of Weimer. On July 12, 2016, the court dismissed Weimer's petition.

*Commonwealth v. Weimer*, 167 A.3d 78, 80–81 (Pa. Super. 2017).

Weimer timely appealed the order dismissing his PCRA petition. On appeal, this Court concluded that Weimer's mandatory-minimum sentences

---

2 In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the registration requirements under SORNA are punitive, thus overturning prior decisions deeming those requirements civil in nature. *Id.* at 1218. Thereafter, in *Commonwealth v. Butler*, 173 A.3d 1212, 1217-18 (Pa. Super. 2017), this Court ruled that under *Muniz*, the registration, notification, and counseling requirements of SORNA's SVP provision, 42 Pa.C.S. § 9799.24(e)(3), is also punitive and, consequently, the statutory requirements for designating an offender an SVP do not satisfy the dictates of *Alleyne v. United States*, 570 U.S. 99, 106 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Following *Muniz* and *Butler*, the Pennsylvania General Assembly enacted legislation to amend SORNA, *see* Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"), and the Governor of Pennsylvania thereafter signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29. Additionally, our Supreme Court recently reversed this Court's decision in *Butler*, holding that SORNA's requirements for SVPs do not constitute criminal punishment and are not subject to the conditions set forth in *Alleyne*. *Commonwealth v. Butler*, ––– A.3d ––––, 2020 WL 1466299 (Pa. filed Mar. 26, 2020).

3 Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

for IDSI were illegal under **Alleyne**, and his 5 to 10 year sentence for unlawful contact with a minor was also illegal because it exceeded the statutory maximum term permissible for that offense. **See Weimer, supra**. Accordingly, we vacated Weimer's judgment of sentence in each of his three cases, and remanded for resentencing.

On April 3, 2018, the trial court conducted Weimer's resentencing hearing. At the close thereof, the court imposed a term of 3½ to 7 years' incarceration for Weimer's conviction of unlawful contact with a minor, and two, non-mandatory terms of 10 to 20 years' imprisonment for both of his IDSI convictions. All sentences were ordered to run consecutively, totaling an aggregate term of 23½ to 47 years' incarceration.

Weimer filed a timely post-sentence motion, which was denied by operation of law on September 27, 2018. He then filed timely notices of appeal in each case, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed its Rule 1925(a) opinion. Weimer states one issue for our review: "Did the [t]rial [c]ourt abuse its discretion when it sentenc[ed] Weimer] to consecutive statutory maximum sentences in excess of the [a]ggravated [r]ange of the sentencing guidelines and without giving meaningful consideration to the sentencing factors set forth in 42 Pa.C.S.[] § 9721?" Weimer's Brief at 5.

Preliminarily, section 9721 states, in pertinent part, as follows:

**(b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), 2154.1 (relating to adoption of guidelines for restrictive conditions), 2154.3 (relating to adoption of guidelines for fines), 2154.4 (relating to adoption of guidelines for resentencing) and 2154.5 (relating to adoption of guidelines for parole) and made effective under section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S. § 9721(b).

Weimer contends that the trial court did not adhere to the requirements of section 9721, and imposed an excessive sentence, for the following reasons: (1) it failed to consider mitigating factors such as his minimal criminal history, ability to contribute to society if released, and good conduct in prison while incarcerated prior to the resentencing hearing; (2) it ignored the

sentencing guidelines; (3) it failed to provide reasons for sentencing him above the guideline ranges; (4) it did not consider Weimer's rehabilitative needs; and (5) the court placed undue and improper weight on the "pre-sentence report and sentence [Weimer] served in 1993 after a misdemeanor level conviction." Weimer's Brief at 26.

Weimer's arguments challenge the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003)….
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

As stated *supra*, Weimer filed a timely notice of appeal. He also filed a timely post-sentence motion challenging his sentence. However, in that motion, Weimer did not assert that the court failed to consider his minimal criminal history, ability to contribute to society, or rehabilitative needs. Weimer also does not cite to where he raised these issues before the court at his resentencing hearing. Therefore, these claims are waived. *See Griffin*, 65 A.3d at 936 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

Additionally, Weimer did not raise, in his Rule 1925(b) statement, his contention that the court failed to consider the mitigating factor of his good conduct while incarcerated prior to the resentencing hearing. Notably, the court informed Weimer, in its order to file a concise statement, that any issue not set forth therein would be deemed waived. *See* Rule 1925(b) Order, 10/17/18, at 1 (single page). Consequently, this claim is waived, as well. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In regard to Weimer's remaining arguments, the Commonwealth adamantly objects to the adequacy of his Rule 2119(f) statement. Therein, Weimer states, in total, the following:

> ***Commonwealth v. Goggins***, 748 A.2d 721 (Pa. Super. [] 2000)[,] requires that the Pa.R.A.P. 2119(f) Statement for purposes of 42 Pa.C.S. § 9781(b) must specify where the sentence falls in relation to the sentencing guidelines, what particular provision of the sentencing code the sentence violates, what fundamental norm the sentence violates, and the manner in which it violates that norm.
>
> Based on the Pennsylvania Commission on Sentencing Guideline Sentence Forms used in this matter, the ranges of sentences are as follows - [a]t each count of IDSI[,] the offense gravity score is twelve. [Weimer's] criminal history category is two. The sentencing guideline range is 48 months in the mitigated range, 60–78 months in the standard range and 90 months in the aggravated range. For Unlawful Contact With a Minor (F3)[,] the offense gravity score is five and the sentencing guideline range is non-confinement in the mitigated range, 3–14 months in the standard range and 17 months in the aggravated range.
>
> [Weimer's] sentence, considering the advisory guidelines range for each count of conviction to which Appellant was sentenced, is manifestly excessive.

Weimer's Brief at 12.

Clearly, Weimer did not present in his Rule 2119(f) statement many of the discrete claims he raises in the Argument section of his brief, or explain how those claims constitute substantial questions for our review. Additionally, to the extent that he baldly states that his sentence is manifestly excessive considering the applicable guideline ranges, we agree with the Commonwealth's lengthy argument that Weimer has not demonstrated a substantial question for our review. ***See*** Commonwealth's Brief at 6-16. In

*Commonwealth v. Reynolds*, 835 A.2d 720, 733 (Pa. Super. 2003), we held

that bald allegations presented in a Rule 2119(f) statement do not present a

substantial question.  Additionally, we have explained that "this Court is not

persuaded by bald assertions or the invocation of special words in a concise

statement of reasons; [t]o the contrary, a concise statement must articulate

the way in which the court's conduct violated the sentencing code or

process." *Commonwealth v. Cannon*, 954 A.2d 1222, 1229 (Pa. Super.

2008) (citation omitted).

> A Rule 2119(f) statement that simply "contains incantations of
> statutory provisions and pronouncements of conclusions of law" is
> inadequate.
>
>> Rather, only where the appellant's Rule 2119(f) statement
>> sufficiently articulates the manner in which the sentence
>> violates either a specific provision of the sentencing scheme
>> set forth in the Sentencing Code or a particular fundamental
>> norm underlying the sentencing process, will such a
>> statement be deemed adequate to raise a substantial
>> question so as to permit a grant of allowance of appeal of
>> the discretionary aspects of the sentence.

*Commonwealth v. Bullock*, 868 A.2d 516, 529 (Pa. Super. 2005) (quoting

*Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)).

> Here, as the Commonwealth observes, Weimer's
>
> [Rule] 2119(f) statement fails to provide even the most basic data
> that the Court needs to determine whether a "substantial
> question" exists.  The statement does not even inform the Court
> of what sentence was imposed, much less where the sentence falls
> in relation to the Sentencing Guidelines.  The statement does not
> articulate reasons why that sentence raises doubts as to whether
> the trial court properly considered the sentencing guidelines.  It
> does not specify what particular provision of the Sentencing Code
> has been violated, what fundamental sentencing norm was

violated, or in what manner the sentence violated any norm or Code provision. The statement does not identify any alleged breach of legal principles or provisions by the sentencing court. As a result, this Court is placed in the position of having to speculate as to the nature of, or basis for, [Weimer's] claim that a substantial question exists. In short, [Weimer's] "mere assertion" that a substantial question exists does not prove that one does.

Commonwealth's Brief at 14-15 (citations omitted).

We are compelled to agree with the Commonwealth that the cursory, single-sentence claim by Weimer that, given the applicable guideline ranges, his sentence is manifestly excessive is insufficient to demonstrate a substantial question warranting our review. Moreover, Weimer does not set forth in his Rule 2119(f) statement any of the other, more specific sentencing challenges that he presents in his Argument section. Accordingly, he has failed to establish that a substantial question exists for our review.

Judgment of sentence affirmed.

President Judge Emeritus Stevens joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2020

- 11 -